# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |
|---|---|
| PETER MOORE and STEPHEN SCHEITHAUER, Individually and for Others Similarly Situated,<br><br>v.<br><br>SHANAHAN ENGINEERING, INC. | **Case No. 4:20-cv-3873**<br><br>Jury Demanded |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Shanahan Engineering, Inc. (SEI) failed to pay Peter Moore (Moore) and Stephen Scheithauer (Scheithauer), and other workers like them, overtime as required by the Fair Labor Standards Act (FLSA) and the Rhode Island Minimum Wage Act, RI Gen L § 28-12-4.1 (2013) (the Rhode Island Act).

2.      Instead, SEI paid Moore and Scheithauer, and other workers like them, the same hourly rate for all hours worked, including those in excess of 40 in a work week.

3.      This collective/class action seeks to recover the unpaid wages and other damages owed to these workers.

### JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.      This Court has supplemental jurisdiction over the Rhode Island Act claims pursuant to 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts.

6.      SEI is a foreign corporation with its corporate headquarters in Dublin, Ireland.

7.      SEI maintains offices in and does business in the United States, with its principal office in the United States located in this District and Division.

8.      Thus, this Court has general personal jurisdiction over SEI in this District and Division.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and/or (b)(3).

## THE PARTIES

10.     SEI is an Energy Services company providing Construction, Commissioning and Plant Operation services on projects worldwide, including the United States,[1] with its principal office and place of business in the United States in Houston, Texas.

11.     Moore was an hourly employee of SEI.

12.     When SEI hired him, Moore was a resident of Tennessee.

13.     SEI hired Moore to work on a project in Ohio.

14.     Scheithauer was an hourly employee of SEI.

15.     When SEI hired him, Scheithauer was a resident of Virgina.

16.     SEI hired Scheithauer to work on a project in Rhode Island.

17.     Moore's written consent is attached.

18.     Scheithauer's written consent is also attached.

19.     SEI may be served with process through its registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

---

[1] https://shanahanengineering.com/

## COVERAGE UNDER THE FLSA

20.      At all relevant times, SEI was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21.      At all relevant times, SEI was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22.      At all relevant times, SEI was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment—that have been moved in or produced for commerce.

23.      At all relevant times, SEI had an annual gross volume of sales made in excess of $1,000,000.

24.      At all relevant times, Moore, Scheithauer, and the FLSA Class and Rhode Island Sub-Class Members (defined herein) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

25.      Shanahan Engineering, Inc. is a worldwide company that provides construction, commissioning and plant operation on large scale projects. https://shanahanengineering.com/.

26.      SEI hired Moore around January 2017.

27.      SEI staffed Moore to Siemens in Lordstown, Ohio.

28.      Moore stopped working for SEI in February of 2018.

29.      Moore was a Quality Manager on behalf of SEI.

30.      Moore reported the hours he worked to SEI on a regular basis.

31.     SEI did not guarantee Moore a salary.

32.     Moore was paid $65 for every approved hour worked.

33.     Moore's offer letter listed his overtime rate at $65 per hour.

34.     If Moore worked fewer than 40 hours in a week, he was paid only for the hours worked.

35.     But Moore normally worked more than 40 hours in a week.

36.     Moore routinely worked 60 hours a week.

37.     SEI hired Scheithauer around January 2019.

38.     SEI staffed Scheithauer to a project in Elizabeth City, Rhode Island.

39.     Scheithauer stopped working for SEI in March 2019.

40.     Scheithauer was a Scheduler on behalf of SEI.

41.     Scheithauer reported the hours he worked to SEI on a regular basis.

42.     SEI did not guarantee Scheithauer a salary.

43.     Scheithauer was paid $76 for every approved hour worked, including overtime hours.

44.     If Scheithauer worked fewer than 40 hours in a week, he was paid only for the hours worked.

45.     But Scheithauer normally worked more than 40 hours in a week.

46.     The hours Moore, Scheithauer, and the FLSA Class and and Rhode Island Sub-Class Members worked are reflected in SEI's records.

47.     SEI paid Moore at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

48.     SEI paid Scheithauer at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

4

49.     Rather than receiving time and half as required by the FLSA, Moore only received "straight time" pay for overtime hours worked.

50.     Rather than receiving time and half as required by the FLSA and the Rhode Island Act, Scheithauer only received "straight time" pay for overtime hours worked.

51.     This "straight time for overtime" payment scheme violates the FLSA and the Rhode Island Act.

52.     SEI was and is aware of the overtime requirements of the FLSA and the Rhode Island Act.

53.     SEI nonetheless failed to pay certain hourly employees, such as Moore and Scheithauer, overtime.

54.     Moore, Scheithauer, and the FLSA Class and Rhode Island Sub-Class Members perform job duties in furtherance of the power industry business sector and construction industry and are subjected to similar compensation practices.

55.     Moore, Scheithauer, and the FLSA Class and Rhode Island Sub-Class Members also worked similar hours and were denied overtime because of the same illegal pay practice.

56.     Moore, Scheithauer, and the FLSA Class and Rhode Island Sub-Class Members regularly worked in excess of 40 hours each week.

57.     SEI did not pay Moore, Scheithauer, and the FLSA Class and Rhode Island Sub-Class Members on a salary basis.

58.     SEI paid Moore, Scheithauer, and the FLSA Class and Rhode Island Sub-Class Members "straight time for overtime."

59.     SEI failed to pay Moore, Scheithauer, and the FLSA Class and Rhode Island Sub-Class Members overtime for hours worked in excess of 40 hours in a single workweek.

60.     SEI knew, or acted with reckless disregard for whether, Moore, Scheithauer, and the FLSA Class and Rhode Island Sub-Class Members were paid on a salary basis or were exempt from the FLSA and Rhode Island Act overtime requirements.

61.     SEI's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## FLSA VIOLATIONS

62.     As set forth herein, SEI has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

63.     SEI knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the FLSA Class Members overtime compensation. SEI's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

64.     Accordingly, Moore, Scheithauer, and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## RHODE ISLAND ACT VIOLATIONS

65.     The conduct alleged violates the Rhode Island Act.

66.     At all relevant times, SEI was subject to the requirements of the Rhode Island Act.

67.     At all relevant times, SEI employed Scheithauer and each FLSA Class Member with Rhode Island state law claims as an "employee" within the meaning of the Rhode Island Act.

68.     The Rhode Island Act require employers like SEI to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 hours in any one week.

69.     Scheithauer and each member of the Rhode Island Sub-Class are entitled to overtime pay under the Rhode Island Act.

70.     Scheithauer and each member of the Rhode Island Sub-Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, liquidated damages, and such other legal and equitable relief as the Court deems just and proper.

71.     Scheithauer and the Rhode Island Sub-Class members also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by SEI, as provided by the Rhode Island Act.

### COLLECTIVE ACTION ALLEGATIONS

72.     SEI's illegal "straight time for overtime" policy extends beyond Moore and Scheithauer.

73.     SEI's "straight time for overtime" payment plan is the "policy that is alleged to violate the FLSA" in this collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

74.     SEI paid numerous other hourly workers using the same unlawful scheme.

75.     Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

76.     The workers impacted by SEI's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

77.     Therefore, the FLSA Class is properly defined as:

**All SEI employees who were, at any point in the past 3 years, paid "straight time for overtime." (the "FLSA Class")**

78.     The Rhode Island Sub-Class is properly defined as:

**All SEI employees who were, at any point in the past 3 years, paid "straight time for overtime" for work performed in Rhode Island (the "Rhode Island Sub-Class")**

79.     By failing to pay Moore, Scheithauer, the FLSA Class, and the Rhode Island Sub-Class Members overtime at one-and-one-half times their regular rates, SEI violated the FLSA's and the Rhode Island Act's overtime provisions.

80.     SEI owes Moore, Scheithauer, the FLSA Class, and the Rhode Island Sub-Class Members the difference between the rate actually paid and the proper overtime rate.

81.     Because SEI knew, or showed reckless disregard for whether, its pay practices violated the FLSA, SEI owes these wages to the FLSA Class for at least the past three years.

82.     Pursuant to the Rhode Island Act, SEI owes these wages to the Rhode Island Sub-Class for at least the past three years. RI Gen L § 28-14-19.2(g) (2013).

83.     SEI is liable to Moore, Scheithauer, and the FLSA Class and Rhode Island Sub-Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

84.     Moore, Scheithauer, and the FLSA Class and the Rhode Island Sub-Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

<b>PRAYER</b>

80.     Moore and Scheithauer pray for:

    a.     An order allowing this action to proceed as a collective action under the FLSA and directing notice to all potential FLSA Class and Rhode Island Sub-Class Members;

    b.     Judgment awarding Moore, Scheithauer, and the FLSA Class and Rhode Island Sub-Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA and the Rhode Island Act;

8

c.   An award of pre- and post-judgment interest on all amounts awarded at the highest

rate allowable by law; and

d.   All such other and further relief to which Moore, Scheithauer, and the FLSA Class and

Rhode Island Sub-Class Members may show themselves to be justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

**/s/ Rex Burch**

By: _____

Richard J. (Rex) Burch
State Bar No. 24001807
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

Michael A. Josephson
State Bar No. 24014780
Richard M. Schreiber
State Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
rschreiber@mybackwages.com

**ATTORNEYS FOR PLAINTIFFS**

**FAIR LABOR STANDARDS ACT EMPLOYMENT SERVICES CONSENT**

Print Name: Pete M. Moore

1. I hereby consent to make a claim against Shanahan Engineering to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I designate the law firm and attorneys at JOSEPHSON DUNLAP, LLP and BRUCKNER BURCH PLLC as my attorneys to prosecute and make decisions concerning my wage claims, the manner and method of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

3. I authorize the law firm and attorneys at JOSEPHSON DUNLAP, LLP and BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against Shanahan Engineering.

4. I understand that, by filing this Consent Form, I will be bound by the Judgment of the Court or arbitrator on all issues in this case.

Signature: *Pete M. Moore*
Pete M. Moore (Dec 5, 2019)

Date Signed: Dec 5, 2019

**FAIR LABOR STANDARDS ACT EMPLOYMENT SERVICES CONSENT**

Print Name: Stephen Scheithauer

1. I hereby consent to make a claim against _Shanahan Engineering_ to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I designate the law firm and attorneys at JOSEPHSON DUNLAP, LLP and BRUCKNER BURCH PLLC as my attorneys to prosecute and make decisions concerning my wage claims, the manner and method of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

3. I authorize the law firm and attorneys at JOSEPHSON DUNLAP, LLP and BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against _Shanahan Engineering_.

4. I understand that, by filing this Consent Form, I will be bound by the Judgment of the Court or arbitrator on all issues in this case.

Signature: _Stephen Scheithauer_ (Mar 23, 2020)          Date Signed: Mar 23, 2020